In an order entered en banc, dated March 31, 1987, this court addressed the serious problem of the backlog of cases assigned to the Tenth Circuit Public Defender’s Office. In that order we required the Tenth Circuit Public Defender to file briefs in the one hundred fifty oldest cases pending at that time, at a rate of fifty briefs per month, and requested a response from all potentially affected parties as to why the Tenth Circuit Public Defender should not be discharged from one hundred fifty other delinquent criminal appeals and the local public defenders or specially appointed public defenders be assigned to prosecute those appeals.
We have received responses from the circuit public defenders within this district, various county attorneys, several chief circuit judges, several state attorneys, and the attorney general’s office. They are unanimous in their opposition to the transfer of these delinquent criminal appeals from the Tenth Circuit Public Defender. Their responses assert that the local public defenders have neither the manpower nor funds necessary to handle appeals and that the county budgets have not been funded to pay specially appointed public defenders for the purpose of handling appeals. In considering the responses together with other factors, we have determined that a transfer of these cases would result in further delay in the processing of the delinquent appeals and that the solution to this problem lies elsewhere.
Since our March 31 order, the Tenth Circuit Public Defender has complied with the requirement to file briefs in the fifty oldest cases each month. However, that rate is not sufficient to keep up with newly filed appeals, let alone to catch up the backlog. We have received a letter from the Tenth Circuit Public Defender, dated June 11, 1987, pointing out that the backlog continues to grow and that there will be five hundred seventy-eight appeals awaiting briefs by September 30, 1987.
Our March 31 order was entered prior to the beginning of the Florida legislature’s annual session. The session has now been completed, and we must assume that the legislature was aware of the funding problems of the Public Defender of the Tenth Judicial Circuit. We also assume, in light of the gravity of the problem and the enormity of the backlog, that the legislature has attempted to provide the Tenth Circuit Public Defender with sufficient funds with which to timely process appeals. In his letter of June 11, the Tenth Circuit Public Defender has advised us that he has received additional funding for new positions and has assigned two additional attorneys to appeals.
To prevent the abridgment of appellants’ constitutional rights due to the Tenth Circuit Public Defender’s inability to timely handle the appeals and to effect the orderly and timely processing of these appeals, it is urgent that this court take immediate -further action as the backlog of delinquent criminal appeals continues to increase. The Florida Rules of Judicial Administration, Rule 2.085(a), provide that “[¡Judges and lawyers have a professional obligation to terminate litigation as soon as it is reasonably and justly possible to do so.”
Therefore and after due consideration being given to the positions expressed in the responses to this court’s March 31 order, we find it necessary to increase the total number of cases in which the Tenth Circuit Public Defender will file briefs each month. Beginning in July 1987 the Tenth Circuit Public Defender will file briefs in one hundred of the oldest delinquent cases per month. Attached as an exhibit to this order is a list of the oldest one hundred cases in which briefs shall be filed by July 31, 1987. Further orders with exhibits will follow specifying the next oldest cases in which briefs are to be filed in subsequent *1150 months at the rate of one hundred per month.
We anticipate that the above schedules will serve to bring current the Public Defender’s estimated September 1987 backlog of five hundred seventy-eight briefs. We also expect that by January 1, 1988, the Public Defender will maintain the appeals in a current status as the briefs become due.
Failure to comply with the schedules for the filing of briefs as is prescribed in this order will result in the dismissal of those delinquent appeals without prejudice to file a petition for reinstatement with the proper briefs attached.
DANAHY, C.J., and SCHEB, RYDER, CAMPBELL, SCHOONOVER, LEHAN, FRANK, HALL, SANDERLIN and THREADGILL, JJ., concur.